UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GEORGE STEVEN SCANTLAND,**

       **Plaintiff,**

  v.                                    **CASE NO. 2:06-CV-12158**
                                              **HONORABLE GERALD E. ROSEN**
                                              **UNITED STATES DISTRICT COURT**

**TIMOTHY BARKOVIC,**

       **Defendant,**
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

### I.    INTRODUCTION

The Court has before it Plaintiff George Steven Scantland's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Wayne County Jail in Detroit, Michigan. Having reviewed Plaintiff's complaint, the Court dismisses it for failing to state a claim upon which relief can be granted.

### II.    STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if

satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. COMPLAINT

Plaintiff alleges that he retained the defendant to represent him in a federal criminal case. That case remains pending before Judge Paul D. Borman of the United States District Court for the Eastern District of Michigan. *See United States v. Scantland,* U.S.D.C. 04-80773-DT. Plaintiff claims that counsel's representation has been ineffective in a number of ways. Plaintiff further alleges that defendant conspired with state and federal officials to violate his constitutional rights. Plaintiff requests monetary damages and also asks this Court to assign him an attorney to set trial in the "above offense."

### IV. DISCUSSION

Plaintiff's complaint must be dismissed. Conduct of a retained attorney does not rise to the level of "state action" within the meaning of 42 U.S.C. § 1983. *Lemmons v. Law Firm of Morris and Morris*, 39 F. 3d 264, 266 (10th Cir. 1994); *Holbird v. Armstrong-Wright*, 949 F. 2d 1019, 1020 (8th Cir. 1991); *Lindsey v. Jansante*, 806 F. Supp. 651, 654 (E.D. Mich. 1992). A lawyer does not act under the color of state law merely because he or she is a member of a state bar association. *Wolfe by Hedges v. Bias*, 601 F. Supp. 426, 428 (S.D. W. Va. 1984). An attorney's status as an officer of the court does not make that attorney an actor under color of state law for the purposes of an action under 42 U.S.C.§ 1983 either. *Tidik v. Ritsema,* 938 F. Supp. 416, 425 (E.D.

Mich. 1996).  Because the defendant was not acting under color of state law in representing plaintiff as his attorney in his criminal case, plaintiff's § 1983 action alleging the ineffective assistance of counsel must be dismissed. *See Cudejko v. Goldstein,* 22 Fed. Appx. 484, 485 (6th Cir. 2001).

Additionally, although private citizens acting in concert with state officials may be subject to § 1983 liability, *see Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), a claim of conspiracy must be pled with some specificity and vague and conclusory allegations that are unsupported by material facts are insufficient to state a § 1983 claim. *Farhat v. Jopke,* 370 F. 3d 580, 599 (6th Cir. 2004).  In this case, plaintiff's conclusory and unsupported allegations that his attorney conspired with state and federal officials are insufficient to state a claim under Section 1983. *Simmons v. Sacramento County Superior Court*, 318 F. 3d 1156, 1161 (9th Cir. 2003).  Because plaintiff's allegation that the defendant conspired with state and federal officials was not pled with any degree of specificity, plaintiff has failed to state a claim upon which relief can be granted. *Horton v. Martin,* 137 Fed. Appx. 773, 776 (6th Cir. 2005).

### V.  CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH**

**PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE**

**GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).


        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated:  June 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2006, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager